WALTER J. ROTHSCHILD, Judge.
| ¡/The City of Kenner appeals from a judgment of the trial court rendered on July 27, 2006 which granted plaintiffs motion to revoke the judgments of the Ken-ner Mayor’s Court. For the reasons stated more fully herein, we affirm the trial court’s judgment.

*1213
Facts and Procedural History

On March 9, 2006, Bremermann Mechanical, Inc. (hereinafter “BMI”) filed a Petition for Trial de novo and a Suspensive Appeal from the judgments of the Kenner Mayor’s Court rendered on February 8, 2006 and December 9, 2005.[1] According to plaintiff, these judgments are null and void. Plaintiff also prays for a | .¡preliminary injunction preventing enforcement of the judgments as well as damages, attorney’s fees and costs.[2]
On March 23, 2006, the parties entered into a Consent Judgment by which the City of Kenner agreed to refrain from issuing further citations against BMI and from making any attempts to enforce the judgments or to collect the occupational license tax against BMI pending final and complete judicial determination of this action. On the same date, the City of Ken-ner responded to plaintiffs petition with an Exception of No Right and/or Cause of Action, arguing that plaintiff had no right to seek a civil injunction where the jurisdiction of the Kenner Mayor’s Court only included misdemeanor criminal violations. On April 7, 2006, BMI filed a Motion to Void Judgment(s) of Kenner Mayor’s Court based on Kenner’s Exception of No Right of Action.
Both of these matters were heard in the trial court on July 27, 2006. On that date, the trial court rendered judgment denying the City of Kenner’s Exception of No Right and/or Cause of Action. The trial court further rendered judgment granting plaintiffs Motion to Revoke the Judgments of the Kenner Mayor’s Court and both of these judgments were voided. The City of Kenner now appeals from this judgment.

Discussion

Although the City of Kenner fails to specify an assignment of error in their brief filed in this court, the issue presented for review by appellant is as follows:
The issue is that Bremerman Mechanical, Inc. cannot arbitrarily choose its own domicile to avoid paying occupational taxes in contravention of City of Ken-ner Code of Ordinances, Section 10-53 et seq.
|4In support of this position, appellant relies on the Kenner Code of Ordinances, Sections 10-53 through 10-72 relating to the imposition of an occupational license tax. It is the City of Kenner’s position that BMI is a contractor operating and maintaining its business in the City of Kenner, and BMI is therefore liable for the payment of Kenner’s occupational license tax according to law. In contrast, BMI contends that it is a contractor with its corporate domicile in Atlanta, Louisiana and its principle place of business in Me-tairie, Louisiana. BMI contends that it pays its occupational license tax in Jefferson Parish, and that although it maintains a Post Office Box and a residential address in Kenner, Louisiana, this does not make the corporation liable for occupational taxes in Kenner.
*1214 The City of Kenner contends that sufficient proof of BMI’s principal place of business in Kenner was submitted to the Kenner Mayor’s Court at the trial of this matter. On motion of plaintiff, the records from these proceedings have been accepted as a supplement to the appellate record in this case.
The record in this case contains a copy of a citation issued on April 15, 2005 by the City of Kenner to BMI located at Route 1, Box 53A, Atlanta, Louisiana, for violation of Kenner city ordinance number 1421, section 10-53, relative to failure to hold an occupational license.
Sec. 10-53(a) provides:
In addition to all other license and excise taxes imposed by other laws, there is hereby levied an annual occupational license tax upon each person, association of persons, partnerships, firms and corporations pursuing any trade, profession, vocation, calling or business in the city, subject to license under Section 28, Article 6 of the Louisiana State Constitution and Louisiana Revised Statutes Chapter 3, Subtitle 11 of Title 47, R.S. 47:341 through 47:363, as amended, and R.S. 33:4862.14.
(Emphasis added.)
|BThis ordinance allows the City of Ken-ner to impose an occupational tax on those “corporations pursuing any trade, profession ... or business in the city, subject to license under ... La. R.S. 47:341 ...” La. R.S. 47:341, referred to in the ordinance, is the state statute which authorizes a municipality to impose an occupational license tax on any person conducting any business within the territorial jurisdiction of the municipality. BMI contends that it is in the business of contracting, which is defined in pertinent part in La. R.S. 47:342(3) as:
“Contractor” is synonymous with the term “Builder” and means a person, firm, partnership, corporation, association, or other organization, or a combination of them, which undertakes to or offers to undertake to, or purports to have the capacity to undertake to, or submits a bid to, or does himself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck, or demolish any building, highway, road, railroad, excavation, or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structure or works in connection therewith and includes subcontractors and specialty contractors.[3]
La. R.S. 47:362 A contains a special provision applicable to contractors and provides:
§ 362. Special provisions
A. No municipality or parish shall levy a license tax upon any person engaged in the business of contractor, as defined in this Chapter, either upon a cost plus basis or upon other than a cost plus basis, except the governing authority of the municipality or parish in which is located the principal place of business of such contractor within the state as designated by the contractor. The maximum license tax paid by contractors licensed as required by this Subsection shall not exceed seven hundred fifty dollars.
*1215 Thus, Louisiana law permits a contractor doing business in the state to designate its principal place of business within the state and the statute only allows | fian occupational tax to be imposed on the contractor within this parish or municipality.
The detailed record from the Corporations Division of the Louisiana Secretary of State indicates that Bremerman Mechanical, Inc. is domiciled at Route 1, Box 53A, Atlanta, Louisiana 71404. Two registered agents are listed therein: Francis Bremerman is listed at the address in Atlanta, Louisiana and Jacqueline Piro Bremermann, whose address is listed as 1805 Taylor Street, Kenner, Louisiana 70062. This Kenner address is also given as the mailing address of the corporation.
The record in this case also contains a copy of the 2004, 2005 and 2006 Occupational License Tax certificates issued by the tax collector for Jefferson Parish to Bremermann Mechanical, Inc., PO Box 613, Kenner, Louisiana 70063, indicating a tax payment for each year the license was granted. The license certifications indicate that the location of BMI is 701 Pap-worth, Suite 103, Metairie, Louisiana and the classification of the business is listed as contractor. Further, the record contains a copy of the certificate issued by the State Licensing Board for Contractors in 2005 indicating that BMI is licensed by the state to practice building construction, mechanical work (statewide), and municipal and public works construction. The record also contains a copy of a lease of commercial property to Francis Bremer-mann of Bremermann Mechanical, Inc. The lease term is from January 1, 2003 through January 1, 2006 and applies to the general office space for estimating bids at Suite 103, 701 Papworth Avenue, Metairie, Louisiana.
The trial court, in its oral reasons for judgment, found that magistrate in the Kenner Mayor’s Court erred in determining that BMI maintained its principal place of business in Kenner. The court found that under state law, the corporate |7directors are allowed to designate a principal place of business in their corporate documentation. The trial court concluded that the City of Kenner had failed to prove that BMI maintained its principal place of business in Kenner so as to allow the imposition of occupational taxes in that municipality. Based on our review of the record, we agree with the trial court’s conclusion.
The corporate domicile of BMI found in the public records for the State of Louisiana is stated to be Atlanta, Louisiana. BMI submitted evidence that it maintained its office in Metairie, Louisiana and paid an occupational tax based on this office address in Jefferson Parish. Although the corporation maintains a mailing address in Kenner and one of its registered agents and directors resides in Kenner, this is not sufficient evidence to deem Kenner the principal place of business for the corporation. In fact, the record before us is devoid of evidence indicating that BMI’s principal place of business is in Kenner. Rather, the record supports BMI’s designation of their principal place of business as Metairie, Louisiana in Jefferson Parish.
Under the circumstances presented here, the City of Kenner has no authority under state law to impose an occupational license tax on this corporation. Insofar as the judgments of the Kenner Mayor’s Court held that Bremermann Mechanical, Inc. is subject to occupational license tax in the City of Kenner, those judgments are erroneous. We conclude that the judgment of the trial court was correct in *1216 finding the judgments of the Kenner May- or’s Court to be void. Accordingly, the judgment of the trial court rendered on July 27, 2006 is hereby affirmed. The City of Kenner is liable for all costs of this appeal.

AFFIRMED.

. The December judgment found defendant Francis Bremerman, owner of Bremerman Mechanical, Inc., guilty of failing to acquire an occupational license. This judgment imposed a fine and a suspended jail sentence and probation on Mr. Bremerman. The February judgment set aside the personal judgment as to Francis Bremerman and rendered judgment against Bremerman Mechanical, Inc., requiring defendant to acquire an occupational license from the City of Kenner and to pay all past due taxes.

. The trial court did not reach the issue of plaintiff's entitlement to damages, attorney's fees, and costs and those issues are therefore not before us in this appeal.

. This definition in the state statute is identical to the definition of contractor contained in the Kenner City Ordinance, Sec. 10-54.